UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
|---|---|---|---|
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Martin Aarons | Craig Staub | |

**Proceedings:**   PLAINTIFF'S MOTION TO REMAND

DEFENDANT JULIE TSE'S MOTION TO DISMISS

## I. INTRODUCTION

On April 29, 2015, plaintiff Brenda Sanchez ("plaintiff") filed a complaint in the Los Angeles County Superior Court against defendants Lane Bryant, Inc. ("Lane Bryant"), Julie Tse ("Tse"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1. On June 4, 2015, Lane Bryant filed a notice of removal on the basis of diversity jurisdiction. Not. of Removal ¶ 1. Defendants contend in their notice of removal that defendant Lane Bryant is incorporated in Delaware, and has its principal place of business in Ohio. Id. ¶ 12. Defendants further contend that the California citizenship of Tse should be disregarded because this defendant was fraudulently joined. Id. ¶ 13.

Plaintiff asserts the following claims: (1) defamation (against all defendants); (2) discrimination on the basis of age in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code 1290 *et seq.* (against Lane Bryant and Does 1 through 10); (3) wrongful termination in violation of public policy (against Lane Bryant and Does 1 through 10); (4) breach of implied-in-fact contract (against Lane Bryant and Does 1 through 10); and (5) failure to prevent discrimination in violation of FEHA (against Lane Bryant and Does 1 through 10). Dkt. 1.

On June 30, 2015, plaintiff filed a motion to remand this case to state court. Dkt. 13. Defendants opposed the motion on July 28, 2015, Dkt. 18, and plaintiff replied on August 3, 2015, Dkt. 20. On July 15, 2015, Tse filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. 15. Plaintiff opposed that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
|---|---|---|---|
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

motion on July 28, 2015, Dkt. 17, and defendants filed a reply on August 3, 2015, Dkt. 17, 19. The Court held a hearing on August 17, 2015. Having considerd the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff's complaint alleges the following: plaintiff, a woman over the age of forty, was hired by Lane Bryant in November 1991 to work as a sales associate. Compl. ¶¶ 2, 9. Several months later, plaintiff was promoted to work as a co-manager. Id. ¶ 9. Around 1997 or 1998, plaintiff was promoted again to work as a store manager. Id. Plaintiff worked in this position until she was terminated in August 2014. Id. Throughout her employment, plaintiff alleges, she received awards and recognition for her performance as a store manager. Id. ¶ 10.

On two occasions during her employment, plaintiff underwent surgery, once on her right knee and again for a tumor. Id. ¶ 11. Plaintiff contends that, on both of these occasions, Tse made comments to the effect that plaintiff's going on leave as a result of her surgeries was an inconvenience to Tse. Id. Plaintiff claims that these comments made her feel guilty. Id.

Plaintiff alleges that on different occasions during her employment, Tse made comments about plaintiff's age; specifically, that she needed to look younger and more trendy, that she was not being fresh enough, not keeping up with the trends and was very old school, and that there was a need to have fresh faces in the store. Id. ¶ 12.

In August 2014, Tse fired plaintiff citing that she was a poor performer. Id. ¶ 13. Plaintiff disputes the claim that she was a poor performer and asserts that she was fired because of her age. Id.

Plaintiff asserts a single claim for defamation against all defendants, including Tse. Dkt. 1. The basis for this claim is that defendants caused the publication of defamatory statement including "express and implied accusations…that Plaintiff violated Defendant Employer's policies, expressly and impliedly that Plaintiff was a poor performer, incompetent, an unskilled store manager, was not able to perform as store manager, and not being able to speak to competencies [sic]." Compl. ¶¶ 17, 21. While the precise dates of publication of these statements are not alleged, plaintiff alleges they began on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

before August 11, 2014, and have continued thereafter. Id. ¶ 18. Plaintiff alleges that any investigation defendants conducted into the truth of these statements was "non-existent and at best reckless." ¶ 27. Plaintiff also alleges that these statements were knowingly false and that they have caused harm to her personal and professional reputations. Id. ¶¶ 21, 30.

### III.   LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only

Case 2:15-cv-04247-CAS-AS   Document 21   Filed 08/17/15   Page 4 of 10   Page ID #:186

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
|---|---|---|---|
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp .2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer, ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

## IV.   ANALYSIS

Defendants argue that removal is proper because complete diversity exists and the amount in controversy exceeds $75,000. Specifically, defendants argue that Tse—who is a citizen of California—is a "sham" defendant whose citizenship should be disregarded, leaving completely diverse parties. Not. of Removal ¶ 13. Plaintiff counters that Tse is not a "sham" defendant and, as such, complete diversity does not exist and removal was improper. Mot. to Remand at 2.

Plaintiff's complaint alleges a claim for defamation against Tse. A claim for defamation consists of a publication of a false, defamatory, and unprivileged statement that has a natural tendency to injure or that causes special damage. E.g., Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); Hernandez v. First Student, Inc., 2010 WL 5313293, at *3 (C.D. Cal. Dec. 16, 2010); 5 Witkin, Summ. Cal. Law, Torts § 529 (10th ed. 2005).

In Morales v. Gruma Corporation, 2013 WL 6018040, at *6 (C.D. Cal. Nov. 12, 2013), this Court granted the plaintiff's motion to remand, finding that a non-diverse defendant was not fraudulently joined. In that case, the plaintiff, a California citizen, filed an action for disability discrimination, unlawful employment practices, and defamation against an out of state corporation and two of its officers, both California citizens. Id. at *1-2. Defendants removed the case to federal court, arguing that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

California officers were fraudulently joined. Id. at *1. The basis for plaintiff's defamation claim was that defendants had caused to be published defamatory statements, including "expressed and implied accusations that Plaintiff violated company policy and/or the law, engaged in misconduct, and expressly and impliedly accusing Plaintiff of potential criminal activity." Id. at *2. The plaintiff alleged that the defamatory publications began "on or before October 12, 2012, and continued at least through the present," and that the purpose of these statements was to justify plaintiff's termination. Id. The plaintiff alleged that these statements were false, and were causing ongoing harm to his reputation. Id. The Court found that these allegations were sufficiently specific to raise a "non-fanciful possibility" that plaintiff could state a claim for defamation in California state court. Id. at *4.

      This case is analogous to Morales. Here, plaintiff alleges that defendant Tse caused to be published defamatory statements including "express and implied accusations…that Plaintiff violated Defendant Employer's policies, expressly and impliedly that Plaintiff was a poor performer, incompetent, an unskilled store manager, was not able to perform as store manager, and not being able to speak to competencies [sic]." Compl. ¶ 21. Although plaintiff does not allege the precise dates of these defamatory publications, she contends that they started "on or before August 11, 2014, and have continued thereafter." Id. at ¶ 19. Plaintiff further alleges that these defamatory statements were made for the purpose of justifying her termination, id., and that their publication has resulted in injury to her personal and professional reputation, id. at ¶ 30. Accordingly, like the plaintiff's allegations in Morales, here plaintiff's allegations are sufficiently specific to raise a "non-fanciful possibility" that plaintiff will be able to state a claim for defamation in California state court. See Morales, 2013 WL 6018040, at *4; see also Webber v. Nike USA, Inc., 2012 WL 4845549, at *6 (S.D. Cal. Oct. 9, 2012) (finding that allegation of defamation based on statement that the plaintiff was terminated for "poor performance" was sufficient to establish a "non-fanciful possibility that a California state court could conclude that Plaintiff" alleged a claim for defamation); Umamoto v. Insphere Ins. Solutions, Inc., 2013 WL 2084475, at *5 (N.D. Cal. May 14, 2013) (finding allegation that plaintiff was required to self-publish statements that she was terminated "due to performance reasons" was sufficient to raise a "non-fanciful possibility" that plaintiff could state a claim for defamation in California state court.)

      Defendants assert that plaintiff has made only vague allegations of defamation without specific facts regarding where, under what circumstances, or to whom the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

defamatory statements were made. Not. of Removal ¶16. However, the standard in a fraudulent joinder analysis is not whether plaintiff has a probability of prevailing on the merits of his claim; rather, it is whether there is any possibility that plaintiff can state a claim.[1] While plaintiff has not pled her claim in great detail, plaintiff has pled sufficient facts to raise at least a possibility that she will be able to state a claim for defamation in state court.[2]

---

[1] Moreover, to the extent that the allegations in the complaint might be insufficient to state a claim for defamation in state court, it is possible that such deficiencies could be cured by amendment. See Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (granting motion to remand when defendant failed to show that the plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency); Barsell v. Urban Outfitters, Inc., 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (same).

[2] Defendants assert that plaintiff's motion to remand should be denied for the additional reason that Tse's alleged statements were non-actionable statements of opinion, as opposed to statements of fact. Opp. to Mot. to Remand, at 5. However, plaintiff has alleged that Tse's statements were made as statements of fact, not opinion, Compl. ¶ 25, and numerous courts have found that allegations of similar comments regarding work performance were sufficient to raise a possibility of stating a claim for defamation in state court, see, e.g. Webber, 2012 WL 4845549, at *6 (plaintiff alleged defamatory statements that he was terminated for "poor performance"); Umamoto, 2013 WL 2084475, at *5 (plaintiff alleged defamatory statements that she was terminated "due to performance reasons"). Furthermore, California courts have held that statements of opinion which imply a knowledge of fact can constitute defamatory statements. See Gallant v. City of Carson, 128 Cal. App. 4th 705, 709 (2005) ("[D]efamatory statements are not protected if they imply an assertion of false objective fact."). Here, plaintiff alleges that Tse stated that plaintiff was incompetent and otherwise a poor performer. Compl. ¶ 21. Therefore, a state court could find that, even if Tse's statements constituted an opinion, they implied knowledge of facts regarding plaintiff's work habits and general performance as an employee for Lane Bryant. See Gallant, 128 Cal. App. 4th, at 709 ("the statement that plaintiff 'is an incompetent [employee]…implies a knowledge of facts…that plaintiff is generally disqualified for [her] profession, it is defamatory if it is false…"). Accordingly, the Court finds this argument unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
|---|---|---|---|
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

Defendants also contend that the allegedly defamatory statements are shielded from liability because they are privileged. Not. of Removal ¶ 17. Defendants assert two theories by which defendant Tse's statements are privileged, California Civil Code section 47(c) and the doctrine of managerial immunity. Opp. to Mot. to Remand at 1. The court addresses each of these theories in turn.

Pursuant to California Civil Code section 47(c), a communication is privileged if it is made "without malice, to a person interested therein, by one who is also interested." Cal. Civ. Code § 47(c). The statutory privilege, however, is qualified, not absolute, and a plaintiff may defeat the privilege by a showing of "malice." See id. "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard for the plaintiff's rights." Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003). The issue of malice is a question of fact to be decided by the jury. See Greenly v. Sara Lee Corp., 2008 WL 1925230, at *9 (E.D. Cal. Apr. 30, 2008) (citing McMann v. Wadler, 189 Cal. App. 2d 124, 129 (1961)).

In Johnson v. Wells Fargo & Co., Inc., 2014 WL 6475128, at *9 (C.D. Cal. Nov. 19, 2014), the court rejected the defendants' argument that a defendant had been fraudulently joined because the alleged defamatory statements were privileged under section 47(c). In that case, the plaintiff alleged that an in-state defendant made defamatory statements about him that were knowingly false. Id. Furthermore, he alleged that these statements were made to retaliate against him and to justify his termination. Id. Lastly, he alleged that these statements were made following a reckless investigation. Id. The court found that these allegations were "sufficient to plead malice, at least for purposes of avoiding removal on the basis of fraudulent joinder." Id.

This case is the same. Here, plaintiff alleges that the defamatory statements regarding her poor job performance were knowingly false, Compl. ¶21, and that, to the contrary, she received awards and recognition for her performance. Id. at ¶ 10. Furthermore, plaintiff alleges that the statements regarding her performance were made following an investigation that was "non-existent and at best reckless". Id. at ¶ 27. Finally, plaintiff alleges that on several occasions Tse made plaintiff "feel guilty" for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

taking time off following medical procedures.  Id. at ¶ 11.  Plaintiff also alleges that Tse made several disparaging comments about her age and that in general her "trend" was not "fresh enough" or young enough.  Id. at ¶12.  Accordingly, like the plaintiff in Johnson, here plaintiff has alleged that purportedly defamatory statements were knowingly false and were made following a reckless investigation.  See Johnson, 2014 WL 6475128, at *9.  Furthermore, a jury could find that Tse's alleged pattern of disparaging comments directed towards plaintiff supports at least an inference that Tse harbored ill will or hostility towards plaintiff when she made the allegedly defamatory statements.  See Noel,113 Cal. App. 4th at 1370 ("'[A]ctual malice'...is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff").

Defendants resist this conclusion, arguing that plaintiff has failed to rebut the section 47(c) privilege.  Opp to Mot. to Remand at 2.  In support, defendants rely principally on Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 872 (N.D. Cal. Oct. 1, 1992), a case in which the court found that the plaintiff had failed to plead sufficient facts rebutting the qualified privilege.  However, Kacludis is inapposite because the court addressed the plaintiff's pleadings in the context of a motion to dismiss, as opposed to the more stringent standard for fraudulent joinder.  See Id.  Moreover, at this juncture, plaintiff's burden is not to rebut the privilege, but rather merely to raise the possibility that she may be able to rebut that privilege in state court.  As stated above, the Court finds that plaintiff has alleged sufficient facts to plead malice in the fraudulent joinder context.

Turning to defendants' argument that Tse's statements were privileged under the doctrine of managerial immunity, the Court likewise finds this argument unavailing.  Defendants assert that, absent specific allegations that a manager was acting entirely for his or her own benefit, the doctrine of managerial immunity shields that manager from individual liability.  Opp. to. Mot. to Remand at 3.  Defendants further assert that plaintiff's claim cannot succeed because the doctrine of managerial immunity is an absolute privilege.

However, the doctrine of managerial immunity was established by California courts in the context of claims involving intentional interference with a contractual relationship against a supervisor who determined to fire the plaintiff.  See Huynh v. Vu, 111 Cal. App. 4th 1183, 1195 (2003) ("[T]he manager's privilege is most often applied to bar actions against managers of a business entity that charge the managers with inducing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

the entity to breach a contract."). Several courts have questioned whether the doctrine is applicable outside of that context. See, e.g. Hernandez v. Ignite Restaurant Grp., Inc., 917 F. Supp. 2d 1086, 1091 (E. D. Cal. Jan. 9, 2013) ("[I]t is not clear whether the manager's privilege applies outside the scope of claims for intentional interference with a contract."); Atkins v. Prudential Ins. Co. of Am., 2013 WL 2898048, at * 2 (C. D. Cal Jun. 13, 2013) (same). Defendants cite two cases in which managerial immunity was applied in a defamation case. Opp. to Mot. to Remand at 3 (citing Kacludis, 806 F. Supp. at 872; and Blount v. San Ramon Royal Vista Golf Courses, Inc., 1999 WL 300684, at *3-4 (N.D. Cal. May 7, 1999)). Neither of these cases, however, addressed the question of the doctrines applicability to defamation cases in significant detail and numerous other courts have refused to apply the doctrine to claims arising outside the scope of intentional interference with a contractual relationship. See, e.g. Hernandez, 917 F. Supp. 2d at 1091 (collecting cases); Morcote v. Oracle Corp., 2005 WL 3157512, at *7 (N. D. Cal. Nov. 23, 2005) (finding that cases cited in support of the managers privilege could not stand "for the broad proposition that managers may not be sued in tort for actions taken in the scope of their employment.").

Further, courts in California are divided as to whether managerial immunity establishes a qualified or absolute privilege. See Hyunh, 111 Cal. App. 4th at 1195 ("[T]he question of whether the privilege is absolute or qualified is 'somewhat muddled in California law' resulting in a 'knot of authority' on the issue."); Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1180 (N. D. Cal. May 19, 2003) ("It is also uncertain whether the privilege, if any, is absolute or conditional. What is clear…is that the question of the privilege…is bound up in the conduct of the defendant and is thoroughly fact intensive."). Accordingly, the Court is not convinced by defendants argument that a state court would apply the doctrine of managerial immunity to this case, or that if a court did do so, that plaintiff would be unable to rebut that privilege. See Hernandez, 917 F. Supp. 2d at 1091 (granting plaintiff's motion to remand because "[i]n light of this lack of clarity, it cannot be said that the manager's privilege clearly bars Plaintiff's defamation…claims against Defendant").[3]

---

[3] For purposes of plaintiff's motion to remand, the Court finds only that defendants have failed to establish that there is no possibility that plaintiff can state a claim against Tse for defamation in California state court. The Court expresses no opinion regarding whether plaintiff has pled sufficient facts to state a claim upon which relief can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04247-CAS(ASx) | Date | August 17, 2015 |
| Title | BRENDA SANCHEZ V. LANE BRYANT, INC.; ET AL. | | |

Because defendants have not met their burden to demonstrate that there is no possibility that plaintiff may assert a claim against Tse, the Court finds that Tse is not a "sham" defendant and her joinder was not fraudulent. In light of this, complete diversity does not exist and removal was improper.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand to state court. Because the Court lacks subject matter jurisdiction over this action, it does not reach defendant Tse's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

granted.